JOHN J. KETCHUM, appellant,

*v.*

HENRY G. BELL et al., respondents.

[Argued March 15th, 1907.    Decided June 17th, 1907.]

Parties defendant in the actual possession of real property, while hold-ing thereto the relation of mortgagees, are chargeable, on a bill filed to redeem, and for an accounting of rents and profits received, with the fair annual value of the premises so occupied as an occupation rent.

On appeal from a decree of the court of chancery.

In a suit brought by John J. Ketchum against Henry C. Bell and others to redeem mortgaged premises, setting up the execu-tion of an absolute deed from complainant to defendant, accom-panied by a written agreement by the latter to reconvey the premises and account for rents received, a decree was made July 10th, 1905, declaring that complainant was entitled to redeem, and that defendant should account for rents and profits received, and that the cause be referred to a special master to ascertain (to quote the pertinent words of the decree)

"the fair rental value of the part of the said premises actually occupied by the defendants, and the amount which has been received by the de-fendants for rents and profits of said premises from the twenty-fifth day of July, eighteen hundred and ninety-six, or which might have been re-ceived by them but for their willful default, and to charge them with the same ; * * * and what shall be coming on account of said occupation and rents and profits is to be deducted out of what shall be found due to the defendants for principal and interest on said mortgage indebtedness, and said amounts paid by the defendants, and that what upon the balance of said account shall be found due to the defendants for said principal and interest and amounts so paid out by them for the complainant, the complainant do pay," &c.

The master, on May 10th, 1906, made his final report to the court of chancery, containing, *inter alia,* the following finding, viz. :

"*First.* That there have been no rents and profits which might have been received by the defendants but for their willful default, and that they are therefore not chargeable with anything on that score.

"*Second.* I find that the fair rental value of the part of the said premises actually occupied by the defendants, and with which they should be chargeable, is as follows: For occupation of office-room, from August first, eighteen hundred and ninety-six, to January first, nineteen hundred and two, at sixty dollars a year, the sum of three hundred and twenty-five dollars."

In the striking of the balance the report fixes the net sum of $8,699.36 as due to the defendants from the complainant, after allowing all credits due the latter on the 1st day of January, 1906. To this report the complainant filed certain exceptions, together with the following:

"*Second.* Because the master's report does not charge the defendants with occupation rent for an office-room of value of sixty dollars ($60) a year for nine years and five months," &c.

Subsequently, on June 4th, 1906, the court of chancery, by the second and final decree, ordered that all the exceptions of the complainant be overruled and disallowed, and the master's report be approved and confirmed. From this last decree the complainant has appealed.

*Mr. John J. Ketchum,* for the appellant, *pro se.*

*Mr. Addison Ely,* for the respondents.

The opinion of the court was delivered by

VREDENBURGH, J. (after reciting as above).

Among the exceptions presented for review is the correctness of the master's report, and the decree confirming it, in refusing to charge the defendants with the occupation rent during the entire period of their occupancy of the office-room in controversy. While the master, correctly, we think, under the evidence before him, fixed the fair yearly rental value at $60 a year ($5 per month) for the room occupied by defendants, he has limited the period of such liability for occupancy to January 1st, 1902.

We think the testimony, not seriously questioned nor controverted below, impels the conclusion that the defendants are also chargeable for such occupation rent for a longer period, namely, from January 1st, 1902, to the date of the master's final report. Specification at length of this testimony here is unnecessary. The complainant, in substance, testified that the defendant association had possession of a room or office in the complainant's building from August, 1896, until the date of the hearing before the master; that the defendants carried on the business of selling trusses for the relief of persons suffering from hernia in such room, and that such business was conducted there from the latter part of the year 1896 continuously up to the time of the giving of his testimony. In this he was supported, to some extent, by the defendant Bell himself, and also by the defendants' clerk and witness, Stoddard, who sustained complainant's statements, testifying that the stock of trusses was so arranged and used in this room upon shelving (put up by him there permanently) that when a person applied to him for trusses he could go to the shelves and get the exact number and size wanted, and fit such person with the requisite truss. This evidence was, we think, sufficient to establish the fact of the nature, duration and continuity of defendants' possession and use of the premises in question. The defendants' legal and equitable situation under the deed and contemporaneous written agreement to reconvey is analogous to that of a mortgagee in possession of the mortgaged premises. That the deed and agreement, construed together, constituted a mortgage on the premises was not disputed before the court below. The respondent's counsel, in his brief before this court, concedes that such effect was there "freely admitted," and does not controvert it in his brief in this court.

The equitable rule is indisputably settled that such a grantee in actual possession is chargeable as a mortgagee in possession with reasonable rent, or the fair annual value of the occupied premises as an occupation rent. *1 Hilliard Mort. 450; 3 Pom. Eq. Jur. § 1216,* and cases cited in *note 2* at bottom; *Dawson* v. *Drake, 30 N. J. Eq. (3 Stew.) 601; S. C.,* on appeal, *30 N. J. Eq. (3 Stew.) 733; Demarest* v. *Berry, 16 N. J. Eq. (1 C. E.*

*Gr.*) *481; Leeds* v. *Gifford, 41 N. J. Eq.* (*14 Stew.*) *464; Moore* v. *Degraw, 5 N. J. Eq.* (*1 Halst.*) *346; 4 Kent Com. 165.*

The other exceptions under review we think were properly decided below, but the complainant's exception to the master's report to the extent above indicated should have been sustained.

The decree appealed from should be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—14.